# United States Bankruptcy Court
# Northern District of California
# Oakland Division

**Rights and Responsibilities of Chapter 13 Debtors and their Attorneys**
***Effective for cases filed on or after August 1, 2013***

It is important for debtors who file a bankruptcy case under Chapter 13 to understand their rights and responsibilities. It is also important that the debtors know what their attorneys' responsibilities are, and understand the importance of communicating with their attorney to make the case successful. Debtors should know that they may expect certain services to be performed by their attorney. In order to assure that debtors and their attorneys understand their rights and responsibilities in the bankruptcy process, the following guidelines provided by the court are hereby agreed to by the debtors and their attorneys. Unless the Court orders otherwise:

**BEFORE THE CASE IS FILED**

    **The debtor agrees to:**

1. Provide the attorney with accurate financial information.
2. Discuss with the attorney the debtor's objectives in filing the case.

    **The attorney agrees to:**

1. Meet with the debtor to review the debtor's debts, assets, liabilities, income and expenses.
2. Counsel the debtor regarding the advisability of filing either a chapter 7 or Chapter 13 case, discuss both procedures with the debtor, and answer the debtor's questions.
3. Explain what payments will be made directly by the debtor and what payments will be made through the debtor's Chapter 13 Plan, with particular attention to mortgage and vehicle loan payments, as well as any other claims which accrue interest, as well as the timing of the payments.
4. Explain to the debtor how, when and where to make the Chapter 13 plan payment.
5. Explain to the debtor how the attorney fees and trustee fees are paid and provide an executed copy of this document to the debtor.
6. Explain to the debtor that the first plan payment must be made to the Trustee within 30 days after the date of the filing of the plan or order for relief, whichever is earlier.
7. Advise the debtor of the requirement to attend the 341 Meeting of Creditors, and instruct the debtor as to the date, time and place of the meeting.
8. Advise the debtor of the necessity of maintaining liability, collision and comprehensive insurance on vehicles securing loans or lease.
9. Timely prepare and file the debtor's petition, plan statements and schedules.

## AFTER THE CASE IS FILED

**The debtor agrees to:**

1. Keep the trustee and attorney informed of the debtor's address and telephone number.
2. Inform the attorney of any wage garnishments or attachments of assets which occur or continue after the filing of the case.
3. Contact the attorney promptly if the debtor loses his/her job or has other financial problems.
4. Let the attorney know if the debtor is sued during the case.
5. Inform the attorney if any tax refunds the debtor is entitled to are seized or not returned to the debtor by the IRS or Franchise Tax Board.
6. Contact the attorney before buying, refinancing, or selling real property or before entering into any long - term loan agreements to find out what approvals are required.
7. Pay any filing fees and expenses that may be incurred directly to the attorney.

**The attorney agrees to provide the following legal services:**

1. Appear at the 341 Meeting of Creditors with the debtor.
2. Respond to objections to plan confirmation, and where necessary, prepare an amended plan.
3. Prepare, file and serve necessary modifications to the plan which may include suspending, lowering or increasing plan payments.
4. Prepare, file and serve necessary amended statements and schedules, in accordance with information provided by the debtor.
5. Prepare, file and serve necessary motions to buy, sell or refinance real property when appropriate.
6. Object to improper or invalid claims, if necessary, based upon documentation provided by the debtor.
7. Represent the debtor in motions for relief from stay.
8. Where appropriate, prepare, file and serve necessary motions to avoid liens on real or personal property.
9. Provide such other legal services as are necessary for the administration of the present case before the Bankruptcy Court.

The "Guidelines for Payment of Attorneys' fees in Chapter 13 Cases for the Oakland Division" provide for maximum initial fees in the following amounts: $4,800 in non-business cases and $6,000 in business cases. An additional flat fee of: $1,500 for motions or adversary proceedings to strip liens or abstracts of judgment pursuant to 11 U.S.C sections 506 and/or 522 may also be sought; and $2,500 for attorney's fees and $100 for costs for completion of the Mortgage Modification Mediation Program.[1] The additional fees require an ex parte application and order signed off by the chapter 13 Trustee.

---

[1] Debtors and their attorney shall execute an amended Rights & Responsibilities if they seek entry into the MMM Program and have not previously executed a Rights & Responsibilities that specify the applicable fees and costs. The chapter 13 Trustee will not sign off an order approving fees and costs for the MMM Program without execution of the applicable Rights & Responsibilities.

Initial fees charged in this case are $0.00*_____.

If the initial fees ordered by the court are not sufficient to compensate the attorney for the legal services rendered in this case, the attorney further agrees to apply to the court for any additional fees, with the proviso that any additional fees sought must be substantial and must have been unanticipated at the time the debtor's plan was filed. Fees shall be paid through the plan unless otherwise ordered. The attorney may not receive fees directly from the debtor other than the initial retainer.

If the debtor disputes the legal services provided or the fees charged by the attorney, an objection may be filed with the court and the matter set for hearing. The attorney may move to withdraw or the debtor may discharge the attorney at any time.

 *Debtor's counsel will be filing an application for payment of its fees.

Date: 08/04/2017  Signature: /s/ Rosemary Greene
Debtor

Date: _____  Signature: _____
Joint Debtor

Date: 08/04/2017  Signature: /s/ Cathleen Cooper Moran
Attorney