Jamie D. Hanawalt (SBN 309934)
jhanawalt@aldridgepite.com
Joseph C. Delmotte (SBN 259460)
jdelmotte@aldridgepite.com
**ALDRIDGE PITE, LLP**
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for
THE BANK OF NEW YORK MELLON FKA THE
BANK OF NEW YORK AS TRUSTEE FOR THE
CERTIFICATEHOLDERS OF THE CWABS,
INC., ASSET-BACKED CERTIFICATES, SERIES
2005-AB5

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>ROSEMARY GREENE,<br><br>Debtor. | Case No. 17-41704<br><br>Chapter 13<br><br>**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**<br><br>341(a) MEETING:<br>DATE: August 10, 2017<br>TIME: 10:00 AM<br>PLACE: Oakland U.S. Trustee Office<br><br>CONFIRMATION HEARING:<br>DATE: Pending<br>TIME: ------<br>CTRM: ------ |

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2005-AB5[1] (hereinafter "Creditor"), secured creditor of the above-entitled debtor, Rosemary Greene (hereinafter "Debtor"), hereby objects to the Chapter 13

---

[1] This Objection to Confirmation of Chapter 13 Plan shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding Aldridge Pite, LLP's participation in this proceeding. Moreover, the within party does not authorize Aldridge Pite, LLP, either expressly or impliedly through Aldridge Pite, LLP's participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004.

Plan filed by Debtor in the above-referenced matter. The objection is based on Creditor's Proof of Claim No. 3 and the authorities cited herein and on such additional submissions and argument as may be presented at or before the confirmation hearing.

## 1) INTRODUCTION

Creditor respectfully requests that the Court deny confirmation of the Debtor's Chapter 13 Plan as it fails to properly provide for Creditor's claim. Specifically, Debtor's Plan fails to provide for a cure of Creditor's pre-petition claim in full. For the reasons set forth herein, the Court should deny confirmation of the Debtor's Chapter 13 Plan.

## 2) STATEMENT OF FACTS

1. Creditor's claim is evidenced by a promissory note executed by Debtor Rosemary Greene (collectively the "Borrower"), and dated November 18, 2005, in the original principal sum of $415,000.00 (the "Note"). A copy of the Note is attached to Creditor's proof of claim no. 3 as filed on the Court's claims register ("CCR") in the instant bankruptcy case and incorporated herein by reference.

2. The Note is secured by a deed of trust (the "Deed of Trust[2]") encumbering the real property commonly known as 8009 GREENRIDGE DR, OAKLAND, California 94605 (the "Subject Property"). A copy of the Deed of Trust is attached to Creditor's proof of claim no. 3 as filed in the instant bankruptcy case and incorporated herein by reference

3. Subsequently, the Note was indorsed in blank thereby converting the Note to a bearer instrument. Creditor, directly or through an agent, is in possession of the original promissory note indorsed in blank. See CCR, Claim No. 3.

4. Subsequently, the beneficial interest in the Deed of Trust was transferred to Creditor. A copy of the Assignment of Deed of Trust is attached to Creditor's proof of claim no. 3 as filed in the instant bankruptcy case and incorporated herein by reference.

5. On June 30, 2017, Debtor filed the instant Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Northern District of California, Oakland Division, and was assigned case number 17-41704.

---

[2] The Note and Deed of Trust are collectively referred to herein as the "Subject Loan."

6. On August 14, 2017 the Debtor filed her Amended Chapter 13 Plan (the "Plan") providing for monthly payments to the Trustee in the total amount of $1,000.00, for three (3) months, then $1,620.00 for fifty-seven (57) months. Of the sum paid to the Chapter 13 Trustee, Creditor will be not be paid on its pre-petition arrears.

7. On August 16, 2017, Creditor filed its proof of claim (the "Proof of Claim") secured by the Subject Property with a total outstanding balance in the amount of $133,944.69, and a pre-petition arrearage claim of $1,859.48. See CCR Claim No. 3.

### 3) ARGUMENT

### A. DEBTOR'S CHAPTER 13 PLAN CANNOT BE CONFIRMED AS PROPOSED.

The provisions of 11 United States Code ("US.C.") Section 1325 set forth the requirements for the Court to confirm a Chapter 13 Plan. The burden is on the debtor to demonstrate that the plan meets the conditions essential for confirmation. Warren v. Fidelity & Casualty Co. of N.Y. (In re Warren), 89 B.R. 87, 93 (B.A.P. 9th Cir. 1988). For the reasons detailed herein, the Debtor fails to meet this burden.

### 1. Debtor's Chapter 13 Plan Cannot Be Confirmed Because it Does Not Provide for the Full Value of Creditor's Claim.

11 U.S.C. Section 1325(a)(5)(B)(ii) requires a debtor's Chapter 13 Plan to distribute at least the allowed amount of a creditor's secured claim. See 11 U.S.C. § 1325(a)(5)(B)(ii). Furthermore, the requirement that a debtor provide for the full value of a creditor's secured claim is mandatory for plan confirmation. See Barnes v. Barnes (In re Barnes), 32 F.3d 405, 407 (9th Cir. 1994); see also In re Lucas, 3 B.R. 252, 253 (Bankr. S.D. Cal. 1980)("In order to confirm any Chapter 13 Plan, the court must be satisfied…that the plan meets all the requirements of § 1325(a)."). The burden lies with the debtor in demonstrating compliance with section 1325(a). Chinichian v. Campolongo (In re Chinichian), 784 F.2d 1440 (9th Cir. 1986).

The Debtor's Plan cannot be confirmed as proposed because it fails to properly provide for the cure Creditor's pre-petition arrears. As previously discussed, Creditor's claim for pre-petition arrears is in the total amount of $1,859.48. See CCR, Claim No. 3. However, the Debtor's Chapter

13 Plan fails to provide for payment of the pre-petition arrears on Creditor's secured claim. As the Debtor's Plan fails to provide for a cure of Creditor's pre-petition arrears, it fails to satisfy 11 U.S.C. § 1325(a)(5)(B)(ii) and cannot be confirmed as proposed.

WHEREFORE, Creditor respectfully requests:

i) That confirmation of the Debtor's Chapter 13 Plan be denied;

ii) Alternatively, that the Plan be amended to provide for the pre-petition arrears listed in Creditor's Proof of Claim to be paid within a period not to exceed sixty (60) months; and

iii) For such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: August 23, 2017          ALDRIDGE PITE, LLP

By: /s/ Jamie D. Hanawalt
JAMIE D. HANAWALT (SBN 309934)
Attorneys for THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2005-AB5

| | |
|---|---|
| 1 | Jamie D. Hanawalt (SBN 309934) |
| | jhanawalt@aldridgepite.com |
| 2 | Joseph C. Delmotte (SBN 259460) |
| | jdelmotte@aldridgepite.com |
| 3 | **ALDRIDGE PITE, LLP** |
| | 4375 Jutland Drive, Suite 200 |
| 4 | P.O. Box 17933 |
| | San Diego, CA 92177-0933 |
| 5 | Telephone: (858) 750-7600 |
| | Facsimile: (619) 590-1385 |
| 6 | |
| 7 | Attorneys for THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2005-AB5 |

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION**

| | |
|---|---|
| In re | Case No. 17-41704 |
| ROSEMARY GREENE, | Chapter 13 |
| Debtor(s). | R.S. No. |
| | **PROOF OF SERVICE BY MAIL** |

I, Ciara M. Reboya, declare that:

I am employed in the County of San Diego, California. My business address is: 4375 Jutland Drive, Suite 200; P.O. Box 17933, San Diego, CA 92177-0933. I am over the age of eighteen years and not a party to this cause.

On August 24, 2017, I served the OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN, in said cause by placing a copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States Mail at San Diego, California, addressed as follows: SEE ATTACHED SERVICE LIST.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on August 24, 2017, at San Diego, California.

/s/ Ciara M. Reboya
CIARA M. REBOYA

| | |
|---|---|
| 1 | **SERVICE LIST** |
| 2 | **DEBTOR(S)** |
| 3 | Rosemary Greene |
| | Post Office Box 2344 |
| 4 | Oakland, CA 94614 |
| 5 | |
| 6 | **DEBTOR(S) ATTORNEY** |
| 7 | Renee C. Mendoza |
| | Cathleen Cooper Moran |
| 8 | Moran Law Group, Inc. |
| | 1674 N Shoreline Blvd. #140 |
| 9 | Mountain View, CA 94043-1375 |
| | ecf@moranlaw.net |
| 10 | |
| 11 | **CHAPTER 13 TRUSTEE** |
| 12 | Martha G. Bronitsky |
| | P.O. Box 5004 |
| 13 | Hayward, CA 94540 |
| | 13trustee@oak13.com |
| 14 | |
| 15 | **U.S. TRUSTEE** |
| 16 | U.S. Trustee |
| | Office of the U.S. Trustee/Oak |
| 17 | Phillip J. Burton Federal Building |
| | 450 Golden Gate Ave. 5th Fl., #05-0153 |
| 18 | San Francisco, CA 94102 |
| | USTPRegion17.OA.ECF@usdoj.gov |