Andrew J. Christensen (SBN: 260748)
Attorney at Law
1970 Broadway, Suite 550
Oakland, CA 94612
Tel: (510) 761-7183
Fax: (510) 680-3430
Andrew@CaliforniaHomeLawyer.com

Attorney for Creditors
Bosco Kante and Maya Kante

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of: | Case No: 17-41704 CN13 |
| Rosemary Greene | Chapter 13 |
| Debtor | **Motion to Dismiss Case** |
| | Hearing |
| | Date: March 23, 2018 |
| | Time: 11:00 AM |
| | Place: 1300 Clay Street, Oakland, CA 94612 |
| | Judge: Honorable Charles Novack |

Creditors Bosco and Maya Kante request that the Court enter an order dismissing the chapter 13 case for cause under §1307(c) on account of prejudicial delay, bad faith, failure to file a confirmable plan, and denial of confirmation. The Motion is supported by a Memorandum of Points and Authorities, the Kantes' prior Objection to Confirmation and Amended Objection already on the docket, and the supporting declarations and exhibits to those pleadings.

The Kantes request that the Court enter an order dismissing the case for the reasons stated above, and that the dismissal is with prejudice, or with a bar to refiling for 12 months.

Dated:   February 19, 2018            /s/ Andrew J. Christensen
                                      Andrew J. Christensen
                                      Attorney for Creditors

Andrew J. Christensen (SBN: 260748)
Attorney at Law
1970 Broadway, Suite 550
Oakland, CA 94612
Tel: (510) 761-7183
Fax: (510) 680-3430
Andrew@CaliforniaHomeLawyer.com

Attorney for Creditors
Bosco Kante and Maya Kante

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In the Matter of: | Case No: 17-41704 CN13 |
| Rosemary Greene | Chapter 13 |
| Debtor | **Memorandum of Points and Authorities in Support of Motion to Dismiss Case** |
| | Hearing |
| | Date: March 23, 2018<br>Time: 11:00 AM<br>Place: 1300 Clay Street, Oakland, CA 94612<br>Judge: Honorable Charles Novack |

This Memorandum is filed in support of Creditors Bosco and Maya Kante's Motion to Dismiss the case for cause under §1307(c).

**A. Unreasonable Delay**

The Debtor has caused unreasonable delays in this case that are prejudicial to the creditors. This is grounds for dismissal under §1307(c)(1). This case was filed June 30, 2017. Confirmation has been delayed by stipulation and request for over 7 months now, and there has been virtually no meaningful progress made by the Debtor to file a confirmable plan, address the Kantes' objection to confirmation, pursue the objection to claim Debtor filed, or resolve the issues with the Kantes. The Debtor has not filed a response or opposition to the Kantes objection to confirmation, or the amended objection to confirmation. Now, the Debtor has filed a pre-hearing statement asking for another extension of 90 days on the confirmation.

1

(Debtor's Pre Hearing Statement, Docket #79). If that is granted, it will put this case at confirmation a year after it was filed.

The reason this delay is prejudicial is because the Debtor illegally and wrongfully stole the Kante's rental business and primary source of income and a large amount of personal property furniture assets when she locked the Kantes out of the Greenridge and Hansom properties that they were managing under a valid lease agreement with the Debtor. The Kantes lost tens of thousands of dollars of furniture in the property that Ms. Greene has taken from them. (Am. Obj. to Conf. Docket 51 page 1 line 24 through page 2 line 8). The Kantes were running a successful rental business that was earning money for both the Kantes and Ms. Greene. Ms. Greene is not making any payments on the claim of the Kantes during this plan, and is actively thwarting resolution of the case by refusing to negotiate in good faith, or move forward with evidentiary hearings on the merits of the objections to confirmation or the objection to claim.

There has been virtually no discussion of the merits of the objection to confirmation or objection to claim. Debtor has not indicated to Creditor which of the facts alleged in the objection to confirmation for bad faith are disputed, or how they can be resolved, or what evidence will be offered in support. Debtor's only proposal at this point is another 90 days to informally resolve the case, perhaps with a neutral evaluation with the BDRP program. Based on the last 7 months of this case, there is no reason to believe that anything else will happen informally in the next 90 days that will actually go to resolve the case.

Ms. Greene deprived the Kantes of their legal rights under a valid lease which was a primary source of income for their family. It is harmful to the Kantes to be forced to spend time and money to fight this bankruptcy case while not receiving income, nor having the ability to pursue their claim to judgment in state court. The Court should dismiss this case now and not consolidate confirmation or the motion to dismiss with the claim objection or any adversary proceeding because none of that will mater in the end when the Debtor cannot overcome the evidence of bad faith in filing this petition and plan.

2

**B. Denial of Confirmation**

This case should be dismissed for failure to have the plan confirmed. Under §1307(c)(5) denial of confirmation of a plan under §1325, and denial of a request made for additional time for filing another plan is grounds for dismissal. Here, the Amended Objection to Confirmation filed by Kantes (docket #51) is supported by 145 pages of exhibits that thoroughly document the bad faith and wrongful conduct of the Debtor in this case in undervaluing assets, making many misrepresentations and omissions in the schedules, tortuously and intentionally breaching the lease agreement and stealing the Kantes business. The Debtor cannot confirm any plan over those objections, even a 100% plan. This is true regardless of the ultimate amount or treatment of the allowed claim of the Kantes. Therefore the case should be dismissed now so that the parties are not forced to bear further expense and delay in the bankruptcy case.

Furthermore, failure to file a confirmable plan is grounds for dismissal. *In re Paulson* 477 B.R. 740 (8th Cir. BAP 2012). The plan as proposed is not confirmable because of the best interests of creditors test in §1325(a)(4), and because the loan modification provision has failed. If the Debtor has not received a modification in the last 7 months, it is unlikely she will qualify for one. The Debtor has sought a loan modification repeatedly for over 7 years, and with property values continuing to rise, with each passing year Wells Fargo has had less incentive to approve a modification.

The best interest of creditors test is not met because there is at least $683,159.77 in non-exempt equity available for distribution to creditors in the plan according to the §1325(a)(4) liquidation analysis based on the actual value of the properties. (Am. Obj. to Conf. Docket 51 page 7). However, the plan only provides for distribution of $35,094.22 in unsecured claims, and fails entirely to list any portion of Kantes' claim for $1,429,980. This plain fails the liquidation analysis even based on the scheduled property values. However, the Debtor has willfully and knowingly in bad faith undervalued the properties by almost $700,000.

The Debtor has not proposed a confirmable plan, and it is unlikely that the Debtor can propose any confirmable plan except a 100% plan to sell the property to pay the claims. But that plan has not been proposed. Confirmation of such a plan would be dependent on determining the value of the Kantes' allowed secured claim, but Debtor has made no effort to follow up or resolve the objection to claim to address the issue on the merits. The reason for this avoidance of the merits is made clear in the Amended Objection to Confirmation where the exhibits of emails, letters, and other evidence shows that Ms. Green certainly knew that she owed a valid debt, that it was an amount large enough to disqualify her for chapter 13 relief under 109(e), and that she could not pay the debt unless she sold her property. (Am. Obj. to Conf. Docket 51 page 5 lines 24-28, and Exhibits B, I, H, N, O, P, Q, R, S, T, U, V).

### C. Bad Faith

This case should be dismissed for cause based on the Debtor's bad faith conduct in proposing the plan and petition. "A Chapter 13 petition filed in bad faith may be dismissed "for cause" pursuant to 11 U.S.C. § 1307(c). […] To determine if a petition has been filed in bad faith courts are guided by the standards used to evaluate whether a plan has been proposed in bad faith." *Eisen v. Curry (In re Eisen)*, 14 F.3d 469, 470 (9th Cir. 1994).

To determine bad faith a bankruptcy judge must review the "totality of the circumstances." *In re Goeb*, 675 F.2d 1386, 1391 (9th Cir. 1982). A judge should ask whether the debtor "misrepresented facts in his [petition or] plan, unfairly manipulated the Bankruptcy Code, or otherwise [filed] his Chapter 13 [petition or] plan in an inequitable manner." Id. at 1390." *In re Eisen*, 14 F.3d 469, 470.

In the *Eisen* case, the debtor filed bankruptcy on the eve of trial in a state court matter two separate times. Each chapter 13 case was only a delay tactic, and there were many omissions in his schedules related to an ownership interest and debt on a piece of real property. The 9th Circuit upheld the dismissal for cause and remanded for consideration of sanctions. Here, the Debtor Ms. Greene has made many material omissions, and is simply stalling for time. This stalling is simply to enjoy the benefits of the automatic stay, but

4

without complying with any of the other obligations of bankruptcy that go with it. This case is the third case the Debtor has filed to stall and benefit from the stay. Ms. Greene has filed bankruptcy three times to stop foreclosure sales: in 2010, 2012, and 2017. This history of filings shows unfair manipulation of the system.

"The record indicates that debtors enjoyed the protection of the automatic stay for over a year while making zero payments to their secured creditor; none of debtors' plans complied with the Code by providing for the payment of their secured creditor's claims." *De la Salle v. U.S. Bank, N.A. (In re De la Salle)*, 461 B.R. 593, 606 (B.A.P. 9th Cir. 2011).

In addition, cause for dismissal of a case includes bad faith in filing the petition. *In re Ellsworth* 45 B.R. 904 (9th Cir. BAP 2011).

In the present case, the bad faith of the Debtor in filing the petition and plan are well documented in the Kantes' Amended Objection to Confirmation and attached Exhibits. (docket #51). Those Exhibits are voluminous and will not be reproduced here, and the Kantes request that the court take judicial notice of them. The basic facts of bad faith are that the Debtor undervalued her real properties by almost $700,000. The month before the petition was filed she wrote a letter stating that the Greenridge property was worth $1.4million in her professional opinion as a real estate agent, but she immediately thereafter listed it in the schedules for $900,000. The Hansom property is similarly undervalued by $175,000. Ms. Greene is a real estate agent, and knows better. This was an intentional effort to avoid having to propose a plan to pay the Kantes what she owes them.

Ms. Greene also wrongfully breached the valid lease agreements with Kantes for the Greenridge and Hansom properties, changed the locks on the property, took possession of the Creditors' furniture in the four units, and effectively destroyed the Creditors' rental business. This was a deliberate theft of property. (Am. Obj. to Conf. Docket 51 page 1 line 24 through page 2 line 8). Ms. Greene is attempting to fund this chapter 13 plan with the stolen income and assets of the Kantes.

5

**D. Bar to Refiling Bankruptcy**

In the Ninth Circuit, bad faith constitutes cause for dismissal of a Chapter 13 case under § 1307 (c) and constitutes cause for dismissal with prejudice under § 349(a). *In re Leavitt*, 171 F.3d 1219, 1224 (9th Cir. 1999). "Bad faith, as cause for the dismissal of a Chapter 13 petition with prejudice, involves the application of the "totality of the circumstances" test. The bankruptcy court should consider the following factors: (1) whether the debtor "misrepresented facts in his [petition or] plan, unfairly manipulated the Bankruptcy Code, or otherwise [filed] his Chapter 13 [petition or] plan in an inequitable manner,"; (2) "the debtor's history of filings and dismissals,"; (3) whether "the debtor only intended to defeat state court litigation,"; and (4) whether egregious behavior is present."

Based on the bad faith misconduct described above, the Kantes request the Court bar the debtor from refiling bankruptcy for 12 months so that there can be no more stalling tactics and delays in resolving the matter and so that the Kantes can pursue judgment in state court. The bad faith in this case justifies a 12 month bar because it shows this was primarily an attempt to improperly delay and hinder resolution of the matter.

Once the issue of bad faith is raised, it is the debtor's burden to prove his good faith. *In re Leavitt*, 209 B.R. 935, 940 (9th Cir. BAP 1997). Kantes request that the Debtor be barred for 12 months because there has been no evidence submitted of good faith there. The Debtor has not opposed the Amended Objection to Confirmation, nor denied any of the factual allegations.

Dated: February 19, 2018          /s/ Andrew J. Christensen
                                                    Andrew J. Christensen
                                                    Attorney for Creditors