Andrew J. Christensen (SBN: 260748)
Attorney at Law
1970 Broadway, Suite 550
Oakland, CA 94612
Tel: (510) 761-7183
Fax: (510) 680-3430
Andrew@CaliforniaHomeLawyer.com

Attorney for Creditors
Bosco Kante and Maya Kante

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In the Matter of:<br><br>Rosemary Greene<br><br>Debtor | Case No: 17-41704 CN13<br><br>Chapter 13<br><br>Reply of Creditors Bosco and Maya Kante to Debtor's Opposition to the Motion to Dismiss<br><br>Hearing:<br>March 30, 2018, 11:00AM |

The Court may grant the Motion to Dismiss without further proceedings because Debtor's Opposition does not address the merits or substance of the issues raised in the motion. This motion is unopposed on the merits. The Debtor has no defenses to the allegations in the motion. The Debtor likewise has not opposed the Kantes' Amended Objection to Confirmation on the merits. The Kantes believe this failure to respond to the issues on the merits is because the Debtor has no evidence to contradict the allegations, and because the Debtor does not intend to pursue this chapter 13 case.

Another fact that shows the Debtor does not intend to pursue this case is that the Debtor did not submit a loan modification application for nine months into the case, and only a week before the most recent confirmation hearing.

Debtor's Opposition to this Motion to Dismiss alleges that Kantes made this motion in order to avoid judicial resolution of the matter. The opposite is true. The Kantes have been seeking judicial resolution in this case since it was filed, but have been put off by Debtor's stalling. This case must be dismissed so that Creditors can pursue their claims in state court, where they can bring the case to complete judicial resolution. The problem with having these

claims adjudicated in the bankruptcy court is that the Debtor can dismiss the case at any time and the parties will lose all the progress made toward a judicial resolution.  State court is the appropriate forum to resolve the party's rights because they involve state court claims for wrongful eviction and other torts.

Kantes originally expected to reach full resolution in the bankruptcy court. This is why the original objection to confirmation did not include a motion to dismiss. Kantes had hope that they could have the bankruptcy court adjudicate the parties rights and the amount of the claim.  However, the Debtor will not cooperate to move this case forward toward resolution of the claim, or confirmation. The Debtor has not complied with her substantive or procedural obligations in bankruptcy. The Debtor is defaulting on her mortgage payments, has not submitted a loan modification application for nine months, and has made virtually no effort to resolve or settle this disputed claim, or to meet the requirements for confirmation.  It became apparent a few months ago that the Debtor is using this case to stall, and not to really resolve her debts. Therefore, the Kante's bring this motion to dismiss so the parties can reach an actual judicial resolution of the matter in state court without further stalling.

Debtor reopened her prior chapter 7 case to assert a claim for violation of the discharge injunction. The Debtor argues in her Opposition that the proceedings in the recently reopened chapter 7 case should be resolved before the proceedings in this present chapter 13 case.  However, the Kante's have a very strong claim for nondischargeability for fraud there. The Chapter 7 is unlikely to have a meaningful effect on the outcome of this chapter 13.

The Debtor did not include the Kantes in the chapter 7 bankruptcy case, and Kantes did not have knowledge of the case until the deadline had passed to object to discharge.  Ms. Greene has told the Kantes for many years since then that she specifically excluded them because she did not want it to affect them, and that they don't have to worry about it. There is significant documented evidence of Ms. Greene telling Kantes the chapter 7 did not apply to them.   It was not until just a few months ago that the Debtor decided to make it an issue in an effort to gain settlement advantage.

In addition, Ms. Greene's prior chapter 7 discharge was obtained through fraud. There is extensive documentary proof that Ms. Greene excluded no less than $3,000 of monthly income from the schedules, as well as assets and debts. The Kantes have evidence to prove that the Debtor intentionally waited to reopen the chapter 7 until after the statute of limitations passed for criminal liability for bankruptcy fraud.

Also, it appears that the amount of money that the Debtor argues is subject to discharge is actually only a small fraction of the total $1.4million claim, and that even in the unlikely event that the Debtor prevails in obtaining a ruling that the amount was discharged, it would have no effect on the outcome of this case because the range of settlement negotiations has been so far below the $1.4 million that any amount discharged in the chapter 7 is insignificant. In other words, the chapter 7 discharge issue is a sideshow and should not be considered to have any serious bearing on the outcome or proceedings in this chapter 13.

The status of the chapter 7 case is that Judge Lafferty gave Kantes until April 18, 2018 to file an adversary proceeding to determine the dischargeability of the debt incurred prior to the chapter 7. The Debtor's motion for sanctions for violation of the discharge injunction is off calendar pending resolution of the dischargeability complaint. The adversary proceeding will take many months to resolve because the debt originated 10 years ago, which will make discovery and tracking down evidence of fraud from that time more difficult. If this chapter 13 case is put on hold until the chapter 7 is resolved, it could be anywhere from 6-12 months from now until we could even begin to determine the amount of the claim here.

The chapter 7 is a sideshow intended to put pressure on Kantes for settlement purposes because it will take a long time and a lot of money to resolve a dispute over an amount of money that won't have an impact on settlement of the case between the parties.

Even if the court in the chapter 7 case rules relatively quickly in 3 months and finds the debt discharged after a summary judgment motion that will not streamline much of anything in the chapter 13 as Ms. Greene alleges in the Opposition here. The majority of the claim at issue in the chapter 13 arose after the chapter 7 case.

This chapter 13 case should be dismissed because of the strong and thorough evidence of the Debtor's misconduct and bad faith in filing materially false statements in the schedules, and abuse of the bankruptcy process. This court should resolve the threshold issue of bad faith before turning to the determination of the amount of the claim, or the dischargeability in a prior case, because the bad faith is so prevalent and uncontroverted that it undermines the entire process here in bankruptcy court. This proven track record of behavior will continue in the future, and ultimate resolution in bankruptcy court is unlikely.

Dismissal of this chapter 13 case is the only way the parties can get to a forum where they can obtain a final and binding judicial resolution of the case. The risk in moving forward with this bankruptcy case is that the Debtor will dismiss the case before judgment is entered against her on the amount of the claim, and the parties will be back to square one, and will end up in state court starting over from the beginning.

The Debtor also alleges in the Opposition that the Kantes claim is "oft-voiced, but poorly supported." (Debtor Opp. Page 2, line 22). However, it is the Kantes here who have provided 150 pages of exhibits on the issues of bad faith that are the basis for the objection to confirmation and the motion to dismiss. It is the Debtor who has not provided any evidence at all, nor any argument to oppose the merits of any of the allegations or evidence of bad faith.

Furthermore, Kantes have produced several thousand pages of documents in response to Debtor's discovery request five months ago, but it appears the Debtor has not reviewed the documents or evidence. The documents produced include the detailed accounting records from the inception of the debt, and numerous other documents supporting the tort claims.

The Debtor is the party in this case that has a poorly supported claim. The Debtor has not even responded to the merits of the claims in the objection to confirmation or the motion to dismiss, has not produced any evidence in support of any claim, or in support of any defense to a claim.

Ms. Greene's statement in the Opposition that Kantes are trying to wear down an elderly woman by depleting her resources is also disingenuous. The compensation disclosures in this case show that the Debtor's attorney fees are being paid by a third party

Mark Attarha. Furthermore, the Debtor wrongfully evicted the Kantes from the rental property and stole their furniture and rental business. Ms. Greene is funding her case now with stolen income and property that belongs to the Kantes. Ms. Greene has taken away the Kante's livelihood, and their source of income to fund collection of the debt and justice for the tortious conduct. It is the Debtor that stole the income and is now dragging out this case to deplete the resources of the Kantes.

Therefore, Kantes request that this Court dismiss the case at the hearing on March 30, 2018 on the basis that the evidence of bad faith is well taken, and uncontroverted because the Debtor has not disputed any of the allegations, nor presented arguments or evidence in opposition to the merits.

Dated: March 22, 2018

/s/ Andrew J. Christensen
Andrew J. Christensen
Attorney for Creditors