Andrew J. Christensen (SBN: 260748)
Attorney at Law
1970 Broadway, Suite 550
Oakland, CA 94612
Tel: (510) 761-7183
Fax: (510) 680-3430
Andrew@CaliforniaHomeLawyer.com

Attorney for Creditors
Bosco Kante and Maya Kante

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In the Matter of: | Case No: 17-41704 CN13 |
| Rosemary Greene | Chapter 13 |
| | Creditor's Motion for Scheduling Order |
| Debtor | Hearing: |
| | June 15, 2018 |
| | 11:00 AM |
| | 1300 Clay Street. |

    Creditors Bosco and Maya Kante move this Court for a scheduling order to modify the discovery deadlines and hearing schedules in this case. First, the Kantes request that the Court grant an extension of two weeks for the expert witness disclosure deadline to accommodate for the unforeseen necessity of the withdrawal of Debtor's counsel, and for any other extensions as the Court deems appropriate under the unforeseen and unfortunate circumstances. Second, the Kantes request enter a scheduling order to hold the evidentiary hearing on the Motion to Dismiss before, and separate from, the hearing on the Objection to Claim because it is in the interests of judicial economy in the present circumstances to resolve this threshold matter first. In conjunction with separating the hearings on the two matters, the Kantes request that the Court also split the discovery deadlines to extend those for the claim objection for a reasonable amount of time based on the present status of discovery and the requirements for successor counsel to get up to speed on the case.

    The Court has consolidated the motion to dismiss and the claim objection for discovery and hearing. However, the Motion to Dismiss should be heard first because it is a

threshold issue, and can be resolved with a half day evidentiary hearing in a matter of weeks after Debtor obtains new counsel, as opposed to the claim objection which will take several days of trial, and several months of preparation for new counsel, and great expense for expert witnesses and trial preparation for both parties. The Motion to Dismiss can result in dispositive resolution of the case in a cost-effective and timely manner, after which the parties can resolve the tort claims in state court along with the non-debtor codefendants.

The Kantes are suffering serious prejudice and expense on account of the Debtor's lack of participation in the case and lack of discovery responses that are an ongoing problem separate and distinct from the unavailability of counsel. The Kantes request a carefully crafted scheduling order to allow appropriate extensions of time for the unforeseen events, but that will also allow for an efficient and cost effective resolution of the case.

Debtor's counsel filed a motion to withdraw as counsel on May 8, 2018 on account of health concerns. The discovery deadline for disclosure of expert witnesses is May 18, 2018. The deadline for Debtor to respond to written discovery requests served by Kantes was May 3, 2018. No responses have been received.

The Kante's Motion to Dismiss based on bad faith will require only a short hearing, and the matter will be relatively quick to resolve. The primary evidence to be presented is the Debtor's testimony on the facts and documents presented in the Motion. On the other hand, establishing the amount of the Kante's allowed claim is a large undertaking that requires significant and expensive expert witness testimony, evaluating 10 years of financial records, and establishing liability on numerous state law tort claims and other causes of action. This will require a large expense to prepare and several days of trial. It will require participation on the part of the Debtor in responding to the discovery requests propounded by Kantes on April 3, 2018. It will require that the bankruptcy court retain jurisdiction on the matter until it is resolved, to eliminate the risk of a voluntary dismissal of the bankruptcy case before or during trial in an effort to avoid entry of final judgment against the Debtor. Retaining jurisdiction will require an agreement with the Debtor and/or an adversary proceeding and a court order.

This nonparticipation has been an existing problem since the beginning of the case. The Debtor's proposed plan is based on a loan modification, but the Debtor did not submit an application until nine months into the case. The Kantes served discovery requests on April 3, 2018. These included Requests for Admissions, Interrogatories, and Request for Production. The due date was May 3, 2018. There have been no responses.

As has been explained in the Kante's prior pleadings and court filings, the Debtor has contacted Kantes multiple times in person communicating that the case will be dismissed and the debt resolved through refinance.

The case has been simply a long series of continuances. The following continuances and extensions of time have been granted in this case:

- Order Extending Time for Filing Schedules entered 7/17/2017, extending 21 extra days for filing schedules from 7/14/2017 to 8/4/2017 on motion of the Debtor. The reason given was allegedly that the Kantes had not given her financial records. These allegations are demonstrably false.
- Stipulation to Continue Confirmation Hearing, entered 10/19/2017, extending confirmation two months from 10/24/2017 to 12/19/2017. The Debtor proposed this for the purpose of working on settlement. Kante's agreed. Debtor made no material efforts during that time.
- Confirmation hearing held on 12/19/2017 was continued another month to 1/23/2018 at Debtor's request for more time to work out settlement. Debtor made no material efforts during that time beyond one settlement letter offering nothing of value.
- Motion for Relief from stay was continued 21 days from 1/5/2018 to 1/26/2018.
- Prehearing conference was extended by a month on motion of the Debtor. The order was entered 1/22/2018, and moved the hearing from 1/23/2018 to 2/27/2018. The reason was illness of Debtor's counsel.
- Confirmation hearing continued a month from 1/23/2018 to 2/27/2018.

- Motion for Relief from Stay of Wells Fargo continued a month from 1/26/2018 to 2/23/2018.
- Stipulation to continue hearing on Motion to Dismiss one week from 2/23/2018 to 3/30/2018 on account of Creditor's counsel unavailability.
- Order Extending Time in connection with MMM program entered 3/19/2018. Extended 14 days on motion of the Debtor on account of illness of Debtor's counsel.
- Hearing on Motion to Dismiss continued from 3/30/2018 to 4/13/2018.
- Hearing on Objection to Claim continued three months from 5/4/2018 to 5/25/2018 by order of the court entered 3/30/2018.
- Hearing on Motion to Dismiss continued from 4/3/2018 to 4/13/2018 by order of the court.
- Discovery deadlines extended several weeks by court order entered 4/5/2018.
- Hearing on Motion to Dismiss continued from 4/13/2018 to 6/22/2018 by court order entered 4/13/2018 to allow expert discovery.

This bankruptcy case was filed June 30, 2017. It will be over one year from filing before the Court can hear the Motion to Dismiss.

The Creditors believe that state court is the best place to resolve the dispute between the parties. This involves many state court tort and contract claims. It involves non-debtor third party codefendants. Once the action is there in state court, it will stay there until completion, unlike in bankruptcy court where the Debtor can voluntarily dismiss the case at any time, even after the parties have gone to great expense litigating the claim.

## **Conclusion**

This Court should exercise discretion and make a scheduling order that will accommodate for the unforeseen circumstance of the withdrawal of Debtor's counsel, and at the same time that will assure that the case can actively move forward with participation of the Debtor.

The Kantes request that the Court enter a scheduling order to extend the expert witness disclosure deadline from May 18, 2018 to June 1, 2018 for witnesses to be heard on the issues in the Motion to Dismiss.

The Kantes request that the Court hold the Evidentiary Hearing on the Motion to Dismiss first, and separate from the hearing on the claim objection, and that the hearing take place before the end of June 2018.

The Kantes request that the Court set separate extended deadlines for discovery on the claim objection for an appropriate amount of time once Debtor has obtained new counsel or elects to proceed pro se.

The Kantes request that the Court issue an order for the Debtor to appear personally at the hearing on this motion along with successor counsel to show good cause for why the Motion to Dismiss should not be heard separately from the claim objection before the end of June 2018.

Dated:   May 18, 2018                        /s/ Andrew J. Christensen
                                             Andrew J. Christensen
                                             Attorney for Creditors